265 P.2d 455

RUBENSTEIN CONST. CO.

v.

SALT RIVER PROJECT AGR. IMPROVE-
MENT & POWER DIST.

No. 5790.

Supreme Court of Arizona.

Dec. 21, 1953.

James E. Flynn, and Allan K. Perry, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, and J. A. Riggins, Jr., Phoenix, for appellee.

STANFORD, Chief Justice.

Rubenstein Construction Company, a corporation (plaintiff-appellant), during the years 1951–1952 constructed five hundred dwelling units at Williams Air Force Base. Each unit was and is served by the Salt River Project Agricultural Improvement and Power District, a corporation (defendant-appellee), with electrical energy for lighting, etc. As a condition precedent to such service, defendant demanded from plaintiff a connection charge of $25 per

unit, which was paid. The parties will be referred to as they appeared in the lower court.

Plaintiff by this action sought the return of the payments it had made for these connection charges, claiming the same had been illegally exacted. It alleges such a service charge is prohibited by Section 76–109, A.C.A.1939, which reads as follows:

*"Regulation of utility rates—Minimum.*—It shall be unlawful for any person to sell water, electric energy, or gas, used or to be used for commercial or domestic purposes, except by meter measurement if the consumer shall request the same; or to charge and collect for a greater amount than actually furnished during the period for which the charge was made; but an allowance of not exceeding three (3) per cent may be made for inaccuracy in meter measurement. The corporation commission may permit a minimum charge, not exceeding one dollar ($1.00) per month. *No charge shall be made by any public service corporation for making connection for water, gas, electricity for lighting, or telephones.* Any public service corporation demanding and receiving a deposit of money from any consumer shall pay to such consumer eight (8) per cent interest per annum thereon. The inspector and sealers shall be under the direction of the corporation commission in all matters pertaining to meter inspection." (Emphasis supplied.)

Defendant answered, alleging itself to be a political subdivision and municipal corporation of the State of Arizona within the meaning of Section 7, Article 13, of the Constitution of Arizona, and thereby entitled to all the privileges and immunities granted such political subdivisions.

The defendant, after the issues were joined, filed a motion for summary judgment, accompanied by an affidavit of its secretary stating its corporate status to be that alleged in its answer, and stating that it is an agricultural improvement district duly organized and existing under and by virtue of Chapter 75, Article 7, A.C.A.1939. Defendant's motion for summary judgment was predicated upon the theory that the provisions of Section 76–109, supra, had no application to it in its capacity as a municipal corporation. The trial court granted the motion and judgment was entered accordingly, from which this appeal is prosecuted.

The sole assignment of error is:

"The court erred in granting appellee's motion for summary judgment and in rendering judgment in favor of the appellee, because appellee, although organized as an agricultural improvement district is a 'public service corporation' within the meaning and intent of Section 76–109 of the Code."

404

Actually, the three propositions of law advanced in support of this assignment raise but one basic question: Is the defendant company when engaged in the sale of electrical energy a "public service corporation" within the meaning of that term as used in our statutes, or is it a "municipal corporation"?

 In effect plaintiff contends without citing any pertinent authorities that when municipal corporations engage in "proprietary functions" they thereby lose their "municipal" status and become "public service corporations". We reject this contention. There can be no such metamorphosis. The defendant here is either at all times a political subdivision of the state, or it never is. True, it is a municipal corporation of a peculiar type, see Day v. Buckeye Water, etc., Dist., 28 Ariz. 466, 237 P. 636; Maricopa County Municipal Water Conservation Dist. No. 1 v. La Prade, 45 Ariz. 61, 40 P.2d 94, 100. It is well established in this jurisdiction that municipal corporations may engage in the occupations referred to in Section 2 of Article 15 of the Constitution of Arizona, and that while thus acting they are not "public service corporations" within the meaning of the constitution, see City of Phoenix v. Wright, 52 Ariz. 227, 80 P.2d 390, and cases therein cited.

We hold that defendant corporation by virtue of the provisions of Section 7, Article 13, which was incorporated within the Constitution of Arizona in 1940, is not a public service corporation, and consequently Section 76–109, supra, has no application to the facts of this case. It follows there is no basis for the instant suit, and this conclusion makes it unnecessary to consider the claimed unconstitutionality of said section.

There being no merit to the appeal, the judgment of the lower court is affirmed.

PHELPS, LA PRADE, UDALL, and WINDES, JJ., concur.